UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTWAYNE BROWN, | ) | CASE NO.  3:13-CV-2562 |
| | ) | |
| Petitioner, | ) | JUDGE ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE VECCHIARELLI |
| | ) | |
| WARDEN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This habeas petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Currently pending before the Court is Respondent's motion to dismiss as untimely the 28 U.S.C. § 2254 petition filed by Petitioner Antwayne Brown ("Petitioner" or "Brown").  (Doc. No. 11.)  As discussed in more detail below, it is recommended that the motion to dismiss be GRANTED because the petitioner is time barred, *i.e.*, Petitioner's one-year period of limitations expired in April 2007 and he did not file his § 2254 petition until November 2013.

## I.  Relevant State Proceedings

In January 2005, an Allen County jury convicted Petitioner of aggravated burglary, aggravated robbery, and felonious assault, as well as firearm specifications. (Doc. No. 11-1 at Ex. 2.)  Thereafter, the state trial court sentenced Petitioner to concurrent and consecutive sentences totaling 29 years.  (*Id*.)  Thereafter, Petitioner filed a timely notice of appeal and an appellant's brief.  (*Id*. at Exs. 3, 4.)

On November 21, 2005, the state appellate court affirmed Brown's conviction

and sentence.[1]  (Doc. No. 11-1 at Ex. 6.)  Petitioner did not file a timely notice of appeal

to the Ohio Supreme Court.

On January 6, 2006, Brown, *pro se*, filed an application to reopen his appeal

pursuant to Rule 26(B) of Ohio's Rules of Appellate Procedure.  (Doc. No. 11-1 at Ex.

7.)  On March 3, 2006, the state appellate court denied the application.  (*Id.* at Ex. 10.)

Petitioner did not file a timely notice of appeal to the Ohio Supreme Court.

## II.  Proceedings in this Court

On November 19, 2013, Brown filed his § 2254 petition in this Court.[1]  (Doc. No.

1.)  On May 23, 2014, the State filed its motion to dismiss the petition as untimely.

(Doc. No. 11.)  To date, Petitioner has not responded to the motion to dismiss.

## III.  Law and Analysis

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations

---

[1] In its motion to dismiss, the State incorrectly states that the appellate court issued its decision on November 25, 2005.  (Doc. No. 11 at 3.)  The copy of the appellate court decision in the record, as well as the electronic version available on Westlaw, reflect that the date of the decision was November 21, 2005.  *See State v. Brown*, No. 1-05-11, 2005 WL 3111880 (Ohio App. Ct. Nov. 21, 2005).

[1] Generally, under *Houston v. Lack*, 487 U.S. 266, 271-72 (1988), Petitioner's habeas petition is deemed filed as of the date that he delivered it to prison officials for mailing.  Here, the certificate of service accompanying Brown's habeas petition states that Petitioner placed the petition in the prison mailing system on October 9, 2011.  (Doc. No. 1 at 15.)  Attached to the petition, however, is a state court decision denying Brown's petition for post-conviction relief that is dated October 26, 2011.  (Doc. No. 1-1.)  Accordingly, Petitioner could not have placed his petition in the prison mailing system on October 9, 2011.  The civil cover sheet (bearing Brown's signature) that accompanies the petition is dated November 6, 2013.  (Doc. No. 1-2.)  Accordingly, Brown placed the petition in the prison mailing system at some point after November 6, 2013.  Regardless, even if this Court deemed the petition to have been filed as early as October 2011, it would still be untimely, as discussed in this report and recommendation.

for the filing of habeas petitions.  The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>           * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).  Here, the State argues that Brown's one-year period of

limitations expired in March 2007 and, thus, his petition is untimely.

The state appellate court affirmed Petitioner's conviction on November 21, 2005.

See *Brown*, 2005 WL 3111880.  Rule 7.01(A)(1)(a) of the Rules of Practice for the

Supreme Court of Ohio required Petitioner to file a notice of appeal in the Ohio Supreme

Court within 45 days of that decision – by or on Thursday, January 5, 2006.  Petitioner

did not file a notice of appeal in the Ohio Supreme Court.  Accordingly, his conviction

became final, for the purposes of the AEDPA statute of limitations, on January 5, 2006,

and his one-year period of limitations began to run on the next day, January 6, 2006.

See *Gonzales v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012). ("For petitioners

who pursue direct review all the way to this Court, the judgment becomes final . . . when

this Court affirms a conviction on the merits or denies a petitioner for *certiorari*.  For all

other petitioners, the judgment becomes final . . . when the time for pursuing direct review

-3-

in this Court, or in the state court, expires.").  Thus, Petitioner's one-year statute of limitations would have expired one year later on Friday, January 5, 2007, unless statutory tolling sufficiently extends the period of limitations.

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review.  Here, the State correctly concedes that Petitioner's one-year period was tolled during the pendency of his Rule 26(B) Application.  The effect of this filing, in the context of tolling Petitioner's one-year period, is as follows:

| Relevant Dates/Events | Period Tolled | Time Line for Statute of Limitations | Days Expended |
|---|---|---|---|
| November 21, 2005 (the date on which the state appellate court affirmed Brown's conviction and sentence) plus 45 days for the expiration of time within which to appeal equals January 5, 2006, the date on which Brown's conviction became final | | | |
| January 6, 2006, the date on which the one-year period began to run and the date on which Brown filed his motion for leave to file a delayed appeal, until March 3, 2006, when the state appellate court denied the motion for leave, plus 45 days for appeal, *i.e.*, until April 17, 2006. | January 6, 2006 until and including April 17, 2006 | Time begins to run on April 18, 2006 | 0 days |

-4-

| Relevant Dates/Events | Period Tolled | Time Line for Statute of Limitations | Days Expended |
|---|---|---|---|
| April 17, 2007, the final day of the one-year period of limitations | | | 365 days |
| November 19, 2013, when Petitioner filed his § 2254 petition | | Expired | |

The calculation above differs from the State's calculation in two ways.  First, the State contends that Brown's one-year period began to run on January 5, 2006 – the date on which the period of time for seeking review in the Ohio Supreme Court expired.  The Sixth Circuit, however, calculates AEDPA's one-year period of limitations using the method set forth in Rule 6(a) of the Federal Rules of Civil Procedure.  *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000).  Under Rule 6(a), "[i]n computing any period of time prescribed or allowed by these rules, . . . or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included."  Accordingly, the first day of Brown's one-year period of limitations was January 6, 2006.

Second, with respect to the effect of Brown's Rule 26(B) application, the State's calculation does not include the 45-day period during which Brown could have appealed the state appellate court's denial to the Ohio Supreme Court.  While not clearly established, authority in this Circuit suggests that a petitioner's one-year period of time is tolled during the period of time during which he may appeal a state appellate court's decision to the Ohio Supreme Court, regardless of whether he does so.  *See, e.g.,*

*Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010); *Nunez v. Coleman*, No. 1:12-CV-903, 2014 WL 809206, *3, n.10 (N.D. Ohio Feb. 25,2014) (Lioi, J.).  Accordingly, the undersigned's calculation of the statute of limitations in this case includes the 45-day period during which Brown was able to file a notice of appeal from the state appellate court decision denying his Rule 26(B) application.[2]

Brown's one-year period of limitations expired on April 17, 2007.[3]  Brown did not file his § 2254 petition until November 2013, nearly six and one-half years later.  Although the one-year period of limitations is subject to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645 (2010), Brown did not respond to the State's motion to dismiss and, thus, offers no argument that he is entitled to such tolling.  Accordingly, his petition is

---

[2] In its motion, the State cites to the Supreme Court's decision in *Lawrence v. Florida*, 549 U.S. 327 (2007), to support its contention that, because Brown did not seek review of the state appellate court decision denying his Rule 26(B) Application in the Ohio Supreme Court, his one-year period of limitations began to run on the date of the appellate court decision.  In that decision, however, the Supreme Court determined that AEDPA's one-year period of limitations was not tolled by a petitioner's filing of a petition for a writ of certiorari to the Supreme Court seeking review of the state court's denial of his state post-conviction petition.  549 U.S. at 331-36.  The Supreme Court considered the relevant statute, which tolls the period of limitations during the pendency of the "state's post-conviction procedures," and held that the time period was not tolled during the pendency of a state post-conviction proceeding before a *federal* court.  Accordingly, *Lawrence* is readily distinguishable and does not clearly support the State's calculation of the applicable period of limitations in this case.

[3] In December 2007, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal in the Ohio Supreme Court, and the Ohio Supreme Court denied the motion in February 2008.  (Doc. No. 11-1 at Exs. 12, 13.)  Thereafter, Brown filed a motion for a new trial and a state court petition for post-conviction relief, each of which was denied.  (Doc. No. 11-1 at Exs. 14, 16, 17, 19, 23, 26.)  None of these filings, however, is relevant to the issue of whether Brown timely filed his § 2254 petition.  As previously discussed, *infra*, Brown's one-year period of limitations expired in April 2007, before he filed his motion for leave to file a delayed appeal.  It is well established that, while properly filed state court motions may toll AEDPA's one-year statute of limitations, they do not cause an expired statute to begin running anew.  *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

untimely, and should be dismissed.

## IV.  Conclusion

For the reasons given above, the State's motion to dismiss (doc. no. 11) should be

GRANTED.

Date: July 7, 2014                                              /s/ Nancy A. Vecchiarelli
                                                              United States Magistrate Judge


## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**