IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Antwayne Brown, | Case No. 3:13 CV 2562 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Warden, | |
| Respondent. | |

**INTRODUCTION**

*Pro se* Petitioner Antwayne Brown filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is currently incarcerated in the Ross Correctional Institution serving a 29-year aggregate sentence for aggravated burglary, aggravated robbery, and felonious assault.

The State responded to the Petition with a Motion to Dismiss (Doc. 11), arguing the Petition is time-barred by the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This case was referred to Magistrate Judge Vecchiarelli who recommends this Court grant the State's Motion and dismiss the Petition (Doc. 12). Petitioner timely objected to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 15). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the R&R *de novo*. For reasons that follow, this Court adopts the R&R, grants the Motion to Dismiss, and dismisses the Petition.

## BACKGROUND

**State Proceedings**

In January 2005, an Allen County Common Pleas jury convicted Petitioner of one count of aggravated burglary, one count of aggravated robbery, and one count of felonious assault. The convictions stemmed from an attempted home invasion and robbery of Joseph Walls. Petitioner shot Walls four times during the course of the robbery. The trial court sentenced Petitioner to a prison term of 29 years.

Petitioner's convictions were affirmed on direct appeal by the state appellate court in November 2005 (Doc. 11-2, Appx. 91–102). Petitioner did not seek review from the Ohio Supreme Court. Instead, in January 2006, he filed a *pro se* Ohio Appellate Rule 26(B) application to reopen his appeal (Appx. 103–06). The appellate court denied the application in March 2006 (Appx. 133–34).

In December 2007, Petitioner filed a motion for a delayed appeal with the Ohio Supreme Court relating to the November 2005 appellate court decision (Appx. 135–57). The Ohio Supreme Court denied that request in February 2008 (Appx. 158).

In April 8, 2009, Petitioner filed a motion for a new trial with the state trial court (Appx. 159–65). The trial court denied the motion as untimely in April 2009, and Petitioner did not appeal (Appx. 171–73).

On October 14, 2011, Petitioner filed for post-conviction relief with the state trial court (Appx. 174–84). Twelve days later, the trial court dismissed the petition as untimely (Appx. 195–205). The state court of appeals affirmed the dismissal in May 2012 (Appx. 260–65).

**Federal Proceedings**

Petitioner filed his federal Petition on November 6, 2013. The Civil Cover Sheet completed by Petitioner is dated November 6, 2013 (Doc. 1-3). The Clerk's Office stamped the Petition as filed on November 19, 2013 (Doc. 1 at 1). However, on the last page of his Petition, Petitioner certified, under penalty of perjury, that he placed the Petition in the prison mailing system on October 9, 2011, more than two years before it was received by the Clerk's office and the date Petitioner wrote on the Civil Cover Sheet (Doc. 1 at 15). This Court finds the date on the certification was, at best, an error and, at worst, a perjured statement. For purposes of calculating the statute of limitations under AEDPA, this Court will use the date of November 6, 2013. This Court further notes, as did the R&R, that even had Petitioner filed his Petition in October 2011, as claimed, it would still be untimely.

### STATUTE OF LIMITATIONS

Because Petitioner is appearing *pro se*, the allegations in his filings must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by legal counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under AEDPA, a petitioner has one year in which to file a habeas petition. 28 U.S.C. § 2244(d)(1). The year begins to run from the latest of four events, including "the date the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." Further, the one-year clock is tolled during the time which a "*properly filed* application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2) (emphasis added).

### ANALYSIS

The R&R concludes that Petitioner's conviction became final on January 5, 2006, when Petitioner failed to timely appeal the state appellate court affirmance dismissing his direct appeal. The

3

one-year statute of limitations began to run the next day, January 6, 2006. *See* Federal Civil Rule 6(a) (triggering event not to be included when calculating time). Time is tolled from when Petitioner "properly filed" his Rule 26(B) application with the appellate court. The appellate court denied the application on March 3, 2006. Petitioner then had 45 days to appeal the appellate court's denial -- namely, until April 17, 2006, which Petitioner did not do. Therefore, the R&R correctly found the tolling was lifted, and the one-year AEDPA statute of limitations began running, on April 17, 2006 and continued to run uninterrupted until its expiration on April 17, 2007. Petitioner did not file the instant Petition until November 2013, more than six years after AEDPA's statute of limitations had run.

Petitioner does not put forward an objection to the R&R's calculation of time. Instead, Petitioner cites a handful of pre-AEDPA cases for the proposition that a habeas petitioner can raise a constitutional issue at any time (*see* Doc. 15 at 2). Petitioner's generic argument that habeas proceedings are not subject to a statute of limitations is rejected. The text of Section 2244(d)(1) clearly sets forth a one-year limitation. After conducting a *de novo* review, this Court finds the R&R's calculations to be correct, rendering the Petition untimely by a number of years.

The R&R further concludes that Petitioner has not put forward any arguments that equitable tolling applies to his Petition. This Court agrees, finding no basis for a legitimate equitable tolling argument based on the current record. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

## CONCLUSION

Based on the foregoing, this Court overrules Petitioner's Objection (Doc. 15) and adopts the R&R in full. The State's Motion to Dismiss (Doc. 11) is granted, and the Petition (Doc. 1) is

4

dismissed as untimely. Further, this Court finds no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Federal Appellate Rule 22(b).

    IT IS SO ORDERED.

                                                                                         s/ *Jack Zouhary*
                                                                                      JACK ZOUHARY
                                                                                       U. S. DISTRICT JUDGE

                                                                                       August 19, 2014